PIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. _____

PAUL FANN & DEBORAH FANN,

    Plaintiffs,

vs.

NATIONWIDE GENERAL
INSURANCE COMPANY,

    Defendant.

**NOTICE OF REMOVAL**

    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Nationwide General Insurance Company ("Nationwide"), by and through its undersigned counsel, hereby removes this action from the Superior Court Division of the North Carolina General Court of Justice, in and for Henderson County, to the United States District Court for the Western District of North Carolina. In support thereof, Defendant states as follows:

    1.    This case was originally filed in the Superior Court Division of the North Carolina General Court of Justice, in and for Henderson County, on June 9, 2025, under the name and style of *Paul Fann & Deborah Fann vs. Nationwide General Insurance Company*, 25-CV-001195-440. Because Henderson County is situated within this district, this Court is the proper venue for removal. *See* 28 U.S.C. § 1446(a).

    2.    On October 21, 2025, Plaintiffs served the Summons and Complaint on Nationwide directly. (*See* a true and accurate copy of the Notice of Service of Process,

dated October 21, 2025, attached as Exhibit 1.) Accordingly, Nationwide's time to remove has not yet expired. *See* 28 U.S.C. § 1446(b)(1); *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 393–94 (4th Cir. 2018) (finding that 30-day removal deadline does not start until the insurer actually receives the notice from the North Carolina Department of Insurance).

**JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332**

3. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00 and there is complete diversity among Plaintiffs and Nationwide.

I. **Complete Diversity of Citizenship Exists**

4. Upon information and belief, Plaintiffs are citizens of North Carolina.

5. As alleged in the Complaint, Nationwide is a corporation organized and existing under the laws of the State of Ohio and has its principal office located in Columbus, Ohio. Therefore, Nationwide is a citizen of Ohio.

6. Thus, because the parties to this action are citizens of different States, complete diversity exists.

II. **The Amount in Controversy Exceeds $75,000**

7. As stated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. The Complaint alleges that Plaintiffs have suffered contractual damages in excess of $25,000.00. (*See* a true and accurate copy of Plaintiff's Complaint, attached as Exhibit 2 at ¶ 14.)

9. Plaintiffs' Complaint alleges that damages exceed $25,000; Bad Faith, seeking punitive damages; and Unfair and Deceptive Trade Practices, seeking attorney's fees and treble damages. Plaintiffs' Complaint establishes an amount in controversy above $75,000.00 by a preponderance of the evidence.

### A. The Amount in Controversy is Unclear from the Face of Plaintiff's Complaint and the Amount in Controversy Exceeds $75,000.00 be a Preponderance of the Evidence.

10. In *McDonald*, this Court stated "[i]f the amount in controversy is unclear on the face of the initial pleading, including where 'the State practice either does not permit demand for a specific sum **or permits recovery of damages in excess of the amount demanded[**,]' the defendant may assert the amount in controversy in the Notice of Removal." 2021 U.S. Dist. LEXIS 228681, at *4-5 (*citing* 28 U.S.C. § 1446(c)(2))(emphasis added).

11. Likewise, in *Canon*, this Court stated,

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>
> (i) nonmonetary relief; or
>
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

2020 U.S. Dist. LEXIS 103433, at *7-8 (*citing* 28 U.S.C. § 1446(c)(2) and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014).

12. Here, North Carolina state practice permits recovery of damages in excess of the amount demanded on the face of Plaintiffs' Complaint.

13. Further, Plaintiffs' Complaint establishes, by a preponderance of the evidence, that their damages exceed $75,000.00.

14. Plaintiffs allege that "Plaintiffs have been damaged in an amount exceeding $25,000.00 to be determined at trial." (*See* Exhibit 2 at ¶¶ 3; 14; 19; 22.)

15. The insurance benefits available to Plaintiffs under the subject policy are well in excess of $75,000. (*See* a true and accurate copy of Plaintiff's Policy of Insurance with Nationwide, policy no. 6132HR038672 attached hereto as Exhibit 3.)

16. Moreover, when determining the amount in controversy, "the district court should consider any special or punitive damages, such as treble damages" available under state unfair trade practices statutes. *R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001) (per curiam); see also Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983). In addition, Plaintiffs have asserted a claim of bad faith and demanded punitive damages, which may also be considered when calculating the amount in controversy. *Id.*

17. Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332 is satisfied.

## CONCLUSION

18. As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C §§ 1332 and 1441.

19. Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Action is pending.

20. Pursuant to 28 U.S.C. § 1446(a), the Summons is attached as Exhibit 4 and the Complaint is attached as Exhibit 2. No other pleadings, process, or orders have been served upon Nationwide in this action.

21. All documents associated with Case No. 25-CVS-001195-440 of which Defendant is aware are attached hereto.

22. Nationwide reserves all defenses based on personal jurisdiction, sufficiency of service of process, sufficiency of process, and any other defense available under Rule 12(b) of the Federal Rules of Civil Procedure.

23. Pursuant to 28 U.S.C. § 1446(d), notice of this removal will be promptly filed with the clerk of the Superior Court for Henderson County, and served on the other parties to this action forthwith.

Respectfully submitted, this the 19th day of November, 2025.

/s/ *Andrew K. Sonricker*
Andrew K. Sonricker (N.C. Bar No. 55224)
Rachel Keen, (N.C. State Bar No. 27777)
Womble Bond Dickinson (US) LLP
555 Fayetteville St., Suite, 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2100
Facsimile: (919) 755-2150
Email: andrew.sonricker@wbd-us.com
Email: Rachel.keen@wbd-us.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is the attorney at law licensed to practice in the State of North Carolina, is the attorney for Defendant in this matter, and is person of such age and discretion as to be competent to serve process.

That on November 19, 2025, he served a copy of the foregoing **NOTICE OF REMOVAL OF CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA** via email on counsel of record as listed below:

>Walter E. Daniels III
>NC Bar No.: 27219
>Attorney for Plaintiffs
>14 South Pack Square, Suite 502
>Asheville, NC 28801
>Tel: (828) 258-7022
>Fax: (888) 277-2412

>/s/ *Andrew K. Sonricker*
>Andrew K. Sonricker, (N.C. State Bar No. 55224)
>Womble Bond Dickinson (US) LLP
>555 Fayetteville St., Suite, 1100
>Raleigh, North Carolina 27601
>Telephone: (919) 755-2100
>Facsimile: (919) 755-2150
>Email: andrew.sonricker@wbd-us.com
>
>*Attorney for Defendant*